■ SIMPLICITY MACHINE AND MANUFACTURING CO., INC., Respondent, v. STEVENS COMPANY, INC., Appellant.— Orders unanimously reversed and motions granted, with costs. Memorandum: Defendant appeals from orders of Livingston Special Term which denied its motions to dismiss the complaint on the ground that the court lacked jurisdiction of the person of the defendant. Defendant is a Connecticut corporation. Its only office and place of business is at Waterbury, Connecticut. It has no office, telephone listing, address, property, sales representative, purchasing agent or employee in the State of New York and is not authorized to do business here. During the year of 1962 it did, however, have an advertisement in a national industrial directory which was circulated throughout New York State by the publisher thereof. On February 23, 1962 plaintiff wrote defendant a letter asking for samples of manufactured caps and on March 8, 1962 defendant shipped samples of such caps from Waterbury, Connecticut, to plaintiff. Thereafter plaintiff ordered a quantity of caps from defendant which were shipped by defendant to plaintiff on September 9, 1962, f.o.b. Waterbury, Connecticut. Plaintiff claims that the caps so shipped were not of the size ordered and brought this action against defendant to recover its alleged damages. The summons herein was served on defendant by service thereof on the Secretary of State pursuant to section 307 of the Business Corporation Law. Defendant thereupon moved pursuant to CPLR 3211 (subd. [a], par. 8) to dismiss the complaint. Plaintiff's president alleges that he did not know of the existence of defendant until February, 1962 when he examined a directory of companies engaged in the manufacturing of the desired caps and found defendant and other companies listed therein. He then wrote defendant and other companies requesting them to bid thereon. If the total of

the purposeful acts performed by defendant in this State was sufficient to invoke the benefits and protections of New York law the orders should be affirmed. (*Longines-Wittnauer* v. *Barnes & Reinecke,* 15 N Y 2d 443.) Defendant's contacts with New York State consisted of shipping the caps into the State and the appearance of its name in listings and advertisements in regional and national trade directories. Shipping the caps f.o.b. Waterbury, Connecticut pursuant to plaintiff's order sent from within the State of New York does not constitute the transaction of any business within the State. (*Kramer* v. *Vogl,* 17 N Y 2d 27, 31.) The circulation of the directories by the publishers thereof was not a solicitation of business in the State by defendant sufficient to constitute the transaction of business by it here. Defendant had the barest of contact with the State of New York and it should not be compelled to answer a suit in this State. (*McKee Elec. Co.* v. *Rauland-Bcrg Corp.,* 20 N Y 2d 377, 383.) (Appeal from orders of Monroe Special Term denying motions to dismiss complaint.) Present — Bastow, P. J., Del Vecchio, Marsh and Henry, JJ.